**MALONE AND HYDE, INC., Appellant,**

v.

**Kenneth R. MAXWELL and Robert G. King, Appellees.**

Court of Appeals of Kentucky.

Nov. 11, 1977.

William Miles Arvin, Nicholasville, for appellant.

John R. Adams, Hays & Moss, Lexington, for appellee, Kenneth R. Maxwell.

Thomas W. Miller, Miller, Griffin & Marks, Lexington, for appellee, Robert G. King.

Before WHITE, PARK and WINTER-SHEIMER, JJ.

WHITE, Judge.

This appeal concerns the question of whether a security agreement incorporating a "future advances" clause also secures a separate open account between the parties for purposes of the KRS 355.6–103(3) security interest exemption from the Bulk Sales Act.

The facts are quite simple and largely uncontroverted. On September 26, 1973, Robert G. King signed a promissory note and accompanying security agreement which was subsequently assigned to appellant Malone and Hyde, Inc. As defined in the security agreement, the term "secured party" included an assignee, such as Malone and Hyde, Inc., who was a holder of the security agreement. The security interest was perfected by filing in the Fayette County Court Clerk's office on October 23, 1973. The note and agreement were to secure the sum of $369,200.00, which was obtained by King in order to purchase and operate a Pic Pac grocery store located in Lexington, Kentucky. The note provided that it and all subsequent agreements be governed by the law of Tennessee. The security agreement gave the secured party a security interest in various fixtures and appliances used in the store and:

. including all of Debtor's inventory located in Pic Pac # 120, whether now in

existence or hereafter acquired, entered into or created, and any and all products or proceeds thereof, together with inventory returned or repossessed from sale, disposition or otherwise, and all other goods of the same class whether now owned or hereafter acquired by Debtor, and the proceeds thereof.

The security agreement also contained a future advances clause which stated that the above described collateral also secured the payment of:

(III) all other money heretofore or hereafter advanced by Secured Party to or for the account of Debtor at the option of Secured Party, and all other present or future, direct or contingent liabilities and indebtedness of Debtor to Secured Party of any nature whatsoever and any extensions or renewals thereof.

In September and October of 1975, Kenneth R. Maxwell supplied $4,276.86 worth of merchandise to Robert King's Pic Pac store. On November 3, 1975, King defaulted on the payment of his obligation to Malone and Hyde. King accepted Malone and Hyde's proposal that he assign his interest in the inventory, fixtures, cash and bank account to Malone and Hyde, Inc. in exchange for their forgiveness of the balance of the September 12, 1973 note ($204,348.00) and an open account in the amount of $182,002.77.

Kenneth R. Maxwell demanded payment of the account, and upon a refusal to pay, instituted this action against both Robert G. King and Malone and Hyde, Inc. Maxwell alleged they were liable because of their refusal to pay for the merchandise and because they failed to comply with KRS 355.-6–102, et seq. (Bulk Sales Law). Summary judgment was rendered in favor of Kenneth R. Maxwell against the defendants on the basis that the open account was not secured by the security agreement and therefore the assignment was made only partly in settlement of a security interest and as a result Malone and Hyde, Inc. was not entitled to the KRS 355.6–103(3) exemption. Malone and Hyde, Inc. has appealed.

■ A preliminary matter needs to be disposed of first. Though neither party argued the law of Tennessee in the briefs or orally, it is clear that Tennessee law is dispositive as to the interpretation of the language of the promissory note and accompanying security agreement. However, after a comparison of the applicable law of Tennessee and Kentucky, we are persuaded that there would be no difference in the interpretation. See 8A *Tennessee Code Annotated* § 47–9–204 (1964). *Murdock Acceptance Corp. v. Jones*, 50 Tenn.App. 431, 362 S.W.2d 266 (1961). Future Advance Clauses in Tennessee—Construction and Effect, 5 *Memphis State L.Rev.* 586 (1975).

■ All the parties agree that the transfer between King and Malone and Hyde, Inc. was a bulk transfer. On appeal, Malone and Hyde, Inc. contends that the "future advances" clause in the security agreement covers the open account. Appellant argues that therefore the unpaid balance of the note and the open account were secured, and as a result, the transfer falls within the KRS 355.6–103(3) exception. We agree.

KRS 355.6–103(3) provides as follows:
The following transfers are not subject to this article:

•        •        •        •        •

(3) Transfers in settlement or realization of a lien or other security interest. KRS 355.9–204(3) provides for the inclusion of future advances clauses in the security agreement. We hold that the open account between King and Malone and Hyde, Inc. clearly comes within the future advances clause incorporated in the security agreement by the parties. As such, the "open account" is also secured by the collateral named in the security agreement and the transfer by King to Malone and Hyde, Inc. is within the exception to KRS 355.6–103(3).

The judgment is reversed.

All concur.